(No. 36908.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROOSEVELT FREEMAN, Plaintiff in Error.

*Opinion filed May 25, 1962.*

ROSENGARD & HECHT, of Chicago, (EUGENE LIEBER-MAN, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Roosevelt Freeman, was indicted in the criminal court of Cook County on a charge of rape. He entered a plea of not guilty, and waived a jury trial. He was found guilty by the court and sentenced to a term of 20 years in the penitentiary.

The defendant brings writ of error contending that an alleged written confession was improperly admitted in evidence because it was coerced and all witnesses to the confession did not testify, and that he was not proved guilty

beyond a reasonable doubt. The defendant also contends that he established a defense of alibi by uncontroverted witnesses.

The People maintain that an oral confession was substantiated by testimony of all witnesses present at the time it was made, and that the defendant was proved guilty of rape beyond a reasonable doubt.

Essentially, the facts are that the defendant called at the home of the prosecuting witness, a nine-year-old girl, about 8:45 P.M. on the night of November 12, 1960. He left the home with the girl's mother after borrowing two dollars from her, and walked a few blocks with her. The mother had put the girl and five other children to bed before leaving the home.

The prosecuting witness testified that about 9:00 P.M. the defendant returned to the home, came into the bedroom, aroused her and took her into the kitchen, where, according to her clear testimony, he had forcible intercourse with her. She also testified that the defendant struck her.

The girl's grandmother came home about 11:00 P.M. and noticed the girl's swollen face, whereupon the girl told her that she had fallen from bed. The mother came home about midnight, and upon observing the girl's contusions, persisted in questioning until the girl told her mother of the rape. The girl was bleeding from the vagina at that time, and there was blood on her underclothing. The mother took her to a hospital, where she was examined by a doctor, who discovered lacerations of her vaginal tract. During the night the defendant was brought to the hospital and was identified by the girl as her assailant.

The defendant testified that after he parted company with the victim's mother he met two friends and they went to a party, where they stayed until 3:00 A.M. Three witnesses testified in corroboration of this alibi.

As to the contention that error was committed by the court's admission of an alleged written confession, we find

from a careful reading of the record that there was much confusion in the defendant's testimony. There is no denial that the defendant signed a written confession, and that the girl's mother and uncle were witnesses. Neither witness was called with reference to the confession.

The defendant, however, testified that he was beaten with fists and a rubber hose wielded by police detectives, first in the lockup and then in the detectives' room. He claims that officers Seaberry, Parker and Williams arrested him, and that Seaberry and Parker beat him, whereas it appears that Seaberry was not on duty, and that Gills, Breckenridge and Boyd were the arresting officers. Both Parker and Williams testified that in the lockup the defendant had admitted the rape, and this oral confession was corroborated by Officer Breckenridge.

From the lockup the defendant was taken to the detectives' room. He claims that Parker beat him with a rubber hose, while Parker was taking down a statement on a typewriter. The defendant claims that he was forced to sign this statement. If there was such a transcribed statement, which we seriously doubt, it was never produced or offered in evidence. However, Parker and Williams testified that the defendant orally again confessed to the crime while in the detectives' room. Parker testified that he did not take a written confession during the night, because the defendant said he had been drinking.

About noon of the 13th of November the defendant was again brought from the lockup to the detectives' room, where he was once more questioned, this time in the presence of the girl's mother and uncle. His statement was reduced to writing by Officer Parker and signed by the defendant in the presence of the mother and uncle, and they signed as witnesses. The defendant testified that he was not beaten at this time.

The defendant argues that the failure to call the mother and uncle to testify to the conditions surrounding the taking

of the written confession caused the confession to be inadmissible, and that as the State relied upon this written confession to prove its case, error was committed in admitting the confession, citing *People* v. *Lettrich,* 413 Ill. 172. This case is not applicable. We held there that when it appears that a confession may have been extorted by force or duress, it is the duty of the trial judge to refuse to admit the confession into evidence until every witness to the taking of the statement has been called to testify. But, the defendant does not contend that there was coercion at the time of the taking of the written confession which was admitted in evidence. While he does claim that he was in fear of further beatings, this subjective assertion does not require the presentation of rebutting witnesses. All witnesses to the oral confessions did testify. We are of the opinion that the People more than sustained the burden of showing that the defendant's confession was voluntary, and that no error was committed in admitting the written confession. *People* v. *Strader,* 23 Ill.2d 13.

We next look to the defendant's contention that he was not proved guilty beyond a reasonable doubt and that where the defense of alibi is supported by clear and unimpeached testimony of witnesses, the uncorroborated testimony of the prosecuting witness, lacking verisimilitude, is not sufficient to convict. The trial judge had the opportunity to see and hear the witnesses who testified to the alibi of the defendant. It was his duty to pass upon their credibility and to reject their testimony if he found them unworthy of belief. The witnesses who testified that the defendant was present at a party made statements in conflict with the defendant's testimony as to the time he was present at the girl's house. Considering the testimony presented to the judge, he could and did properly find that an alibi was not established.

Furthermore, there is adequate corroboration of the girl's testimony of rape. There is corroboration in that the girl told her mother within a very short time of her mother's

coming into the house. There is corroboration in the fact of the presence of bleeding and in the doctor's examination and testimony concerning the lacerated condition of the girl's vagina. There is corroboration in both confessions and we cannot say that the testimony of the prosecuting witness lacks verisimilitude. Reading the entire record we find that at one point she faltered in her testimony, but she unequivocally testified that the defendant had raped her. We think the record clearly shows that the defendant was proved guilty beyond a reasonable doubt.

Accordingly, the judgment and conviction in the criminal court of Cook County is affirmed.

*Judgment affirmed.*